# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50843
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO DURAN-OLVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-329-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Antonio Duran-Olvera appeals the within-guidelines, 46-month sentence imposed for his guilty plea conviction of illegal reentry. He contends that his sentence is substantively unreasonable because it is greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50843

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Duran-Olvera's arguments that his sentence is substantively unreasonable because U.S.S.G. § 2L1.2 lacks an empirical basis, double-counted his prior conviction in the calculation of the offense level and criminal history score, and overstates the seriousness of illegal reentry are unavailing. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The district court was aware of the impact of Duran-Olvera's prior conviction on the calculation of the guidelines range and his other mitigating factors. However, the district court imposed a sentence at the bottom of the guidelines range because Duran-Olvera evinced a lack of respect for the law by illegally reentering the United States shortly after he had been removed. Duran-Olvera has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor that it should not have so weighted, or made a clear error of judgment when it balanced the relevant factors. *Cooks*, 589 F.3d at 186. He has thus failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338.

No. 13-50843

As Duran-Olvera concedes, his argument that the presumption of reasonableness should not be applied to his sentence because § 2L1.2 lacks an empirical basis is foreclosed. *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.